Grant R. Clayton (USB No. 4552)
*gclayton@chcpat.com*
Ryan P. Gillan (USB No. 15605)
*rgillan@chcpat.com*
CLAYTON, HOWARTH & CANNON, P.C.
6985 Union Park Center, Suite 200
Cottonwood Heights, Utah 84047
Telephone: (801) 255-5335
Fax: (801) 255-5338

Attorney for Plaintiff Pro-Tracker, LLC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | | |
|---|---|---|
| PRO-TRACKER, LLC, an Idaho limited liability company, | ) ) ) | **COMPLAINT** |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | Civil No.: 2:17-cv-00350-DBP |
| IRON MOUNTAIN PRODUCTS LLC, a Kansas limited liability company, | ) ) ) | Judge: Dustin B. Pead |
| Defendant. | ) | |

Plaintiff Pro-Tracker, LLC, (hereinafter "Plaintiff" or "Pro-Tracker") hereby complains and alleges against Defendant Iron Mountain Products LLC (hereinafter "Iron Mountain" or "Defendant") as follows:

1.  This is an action for patent infringement of United States Patent Nos. 8,425,354 (Issued: April 23, 2013)(the '354 Patent), 8,393,982 (Issued: March 12, 2013)(the '982 Patent),

8,974,326 (Issued: March 10, 2015)(the "'326 Patent") and 9,417,041 (Issued: August 16, 2016)(the '041 Patent")(these four issued U.S. patents hereinafter collectively referred to as the "Infringed Patents").

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Pro-Tracker is an Idaho limited liability company having an address of 6010 South 4300 West, Rexburg, Idaho 83440.

3. Upon information and belief, Defendant Iron Mountain Products LLC is a Kansas limited liability company having a place of business located at 849 N. 1909 Rd., LeCompton, Kansas 66050.

4. This Court has original jurisdiction of the patent infringement claim pursuant to one or both of 28 U.S.C. §§ 1331 and l338(a).

5. On information and belief, this Court has personal jurisdiction over Defendant by virtue of Defendant's continuous and systematic business contacts in this state, as well as the Defendant's having committed at least one act of infringement in the state. Venue is laid in the U.S. District Court for the District of Utah, Central Division pursuant to 28 U.S.C. §§ 1391 and 1400(b) as at least one act of infringement has occurred in the District.

## FACTUAL BACKGROUND

6. On April 23, 2013, the '354 Patent was granted to Plaintiff for an "Implantable Locator for Hunting Arrows." A true and correct copy of the '354 Patent is attached hereto as Exhibit A.

7. On March 12, 2013, the '982 Patent was granted to Plaintiff for a "Miniature Locator Device for Use with Hunting Arrows." A true and correct copy of the '982 Patent is attached hereto as Exhibit B.

8. On March 10, 2015, the '326 Patent was granted to Plaintiff for a "Miniature Locator Device for Use with Hunting Arrows." A true and correct copy of the '326 Patent is attached hereto as Exhibit C.

9. On February 17, 2015, the '041 Patent was granted to Plaintiff for a "Miniature Locator Device for Use with Hunting Arrows." A true and correct copy of the '041 Patent is attached hereto as Exhibit D.

10. Plaintiff is the exclusive licensee of the Infringed Patents.

11. Defendant has been offering for sale products known as the Game Vector 100 ("Accused Product 100") which falls within the scope of one or more claims of each of the Infringed Patents.

12. Defendant has been offering for sale products known as the Game Vector 200 (Accused Product 200) which falls within the scope of one or more claims of each of the Infringed Patents.

13. On information and belief, Defendant has been offering for sale products known as the Game Vector 300 ("Accused Product 300"). Upon information and belief, the Accused Product 300 falls within the scope of one or more claims of each of the Infringed Patents.

14. The Accused Product 100, Accused Product 200 and Accused Product 300 (collectively referred to as the "Accused Products"), upon information and belief, were made, sold

and/or at the personal direction of Mr. Dennis Steinman aside from Mr. Steinman's authority as CEO of Iron Mountain.

15. Mr. Dennis Steinman and Iron Mountain, on information and belief, operate under the trade names GameVector and HideRider to market, sell and distribute the Accused Products.

## FIRST CLAIM FOR RELIEF
### Patent Infringement Under 35 U.S.C. § 271(a) and §271(b) of the Infringed Patents

16. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations contained in the Paragraphs above.

17. Plaintiff is the exclusive licensee of the Infringed Patents.

18. Defendant has directly infringed and is directly infringing the Infringed Patents by making, using, offering to sell, or selling to customers devices which embody each and every element, or the equivalent thereof, of at least one claim of each of the Infringed Patents.

19. By reason of the actions of Defendant, Plaintiff has been and will continue to be, seriously damaged and irreparably harmed unless Defendant is enjoined by this Court from the direct infringement actions complained of herein.

20. On information and belief, at least a portion of such direct infringement by Defendant was done with actual knowledge of the existence of the Infringed Patents, and is unlawful, deliberate, reckless, and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285. Thus, Plaintiff is entitled to be awarded enhanced damages and to recover attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Patent Infringement Under 35 U.S.C. § 271(c)of the Infringed Patents**

21.     Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations contained in the Paragraphs above.

22.     The infringing products are not staple articles or commodities of commerce and are not suitable for substantial non-infringing uses.  Rather, the infringing products are designed, made, and suitable for one specific use, which use directly infringes at least one of the more claims of each of the Infringed Patents.

23.     In making, offering for sale, and selling the infringing products, Defendant intended for the Accused Products to be used with archery arrows in a manner that it knew or should have known directly infringes at least one claim in each of the Infringed Patents.

24.     In making, offering for sale, and selling the Accused products, Defendant knew or should have known that the Accused Products are not suitable for substantial non-infringing uses. Defendant's actions as described above, and specifically Defendant's unauthorized offering for sale and selling of the Accused Products constitutes contributory infringement of at least one of the Infringed Patents under 35 U.S.C. § 271(c).

25.     By reason of the actions of Defendant, Plaintiff has been and will continue to be, seriously damaged and irreparably harmed unless Defendant is enjoined by this Court from the actions constituting contributory infringement, which is complained of herein.

26.     On information and belief, at least a portion of such contributory infringement by Defendant was done with actual knowledge of the existence of the Infringed Patents, and is

unlawful, deliberate, reckless, and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285. Thus, Plaintiff is further entitled to be awarded enhanced damages and to recover attorney's fees.

## ALLEGATION OF DAMAGES

27. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations contained in the Paragraphs above.

28. On information and belief, Defendant has unlawfully derived, and will continue to unlawfully derive, profits by the infringement of the Infringed Patents.

29. By reason of the actions of Defendant, Plaintiff has been, and will continue to be, seriously damaged and irreparably harmed unless Defendant is enjoined by this Court from the actions complained of herein.

30. Plaintiff has suffered monetary damages due to Defendant's acts in an amount that cannot be determined without an accounting, and is thus subject to proof at trial.

31. The damage and harm to Plaintiff arising from Defendant's acts is not fully compensable by money damages, but rather results in irreparable harm to Plaintiff.

32. By reason of Defendant's acts alleged herein, Plaintiff has suffered damage to his business, and will continue to suffer damage to his business unless Defendant's unlawful actions and violations of Plaintiff's rights cease.

**PRAYER FOR RELIEF**

33. WHEREFORE, Plaintiff prays for judgement of this Court against Defendant as follows:

34. That the Court adjudge the Infringed Patents valid and infringed by Defendant;

35. That Defendant and all of Defendant's agents, servants, employees, attorneys, directors, successors and assigns, and all others aiding, abetting and/or acting in active concert or participation with Defendant, be preliminarily and permanently enjoined under applicable authority from (i) violating Plaintiff's patent rights, or causing others to violate said patent rights, on such terms as the Court deems reasonable, and (ii) further violation of Plaintiff's rights on such terms as the Court deems reasonable;

36. That Defendant be ordered to deliver up to this Court, for such disposition as it sees fit, all infringing products in its possession or control, all means for making the products, and all labels, packages, receptacles, wrappers, advertisements, literature, documents or other things in its possession or control bearing any designation, description or representation pertaining to the infringement of the '354 patent;

37. That Defendant be required to account to Plaintiff for any and all profits, gains, and advantages derived by Defendant and for all damages sustained by Plaintiff by reason of the infringement and violation of rights complained of herein, and that the Court award Plaintiff the amount of actual damages suffered by Plaintiff;

38. That Defendant be required to pay prejudgment and postjudgment interest until such awards are paid;

39. That Defendant, if warranted, be assessed enhanced damages up to treble damages, due to the deliberate and willful nature of its infringement of Plaintiff's rights;

40. That, if warranted, this case be deemed an exceptional case and that Defendant be assessed Plaintiff's reasonable attorneys fees and costs for this action; and

41. That the Court grant such other and further relief as deemed equitable and just.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED this 4th day of May, 2017.

CLAYTON, HOWARTH & CANNON, P.C.

Grant R. Clayton (USB No. 4552)
Ryan P. Gillan (USB No. 15605)
6985 Union Park Center, Suite 200
Cottonwood Heights, Utah 84047
Telephone: (801) 255-5335
Fax: (801) 255-5338
Email: gclayton@chcpat.com

Attorney for Plaintiff,
Pro-Tracker, LLC

S:\CHC Files\T11--\T119--\T11974\4\C\1 - Pleadings\Complaint.wpd